Howard Marc Spector
TBA #00785023
Nathan M. Johnson
TBA # 00787779
SPECTOR & JOHNSON, PLLC
12770 Coit Road, Suite 1100
Dallas, Texas 75251
Phone: (214) 365-5377
Fax: (214) 237-3380
Email: hspector@spectorjohnson.com

PROPOSED COUNSEL FOR THE DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **Forest Park Medical Center, LLC** | § | **Case Number 16-40302** |
| | § | |
| **Debtor.** | § | **(Chapter 11)** |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT, RETENTION AND DESIGNATION OF BOB SCHLEIZER AS CHIEF RESTRUCTURING OFFICER AND THE EMPLOYMENT OF <u>BLACKBRIAR ADVISORS, LLC AS OF THE PETITION DATE</u>**

**NO HEARING WILL BE CONDUCTED ON THIS APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER**.

---

Debtor's Application for Entry of an Order Authorizing the
Employment, Retention and Designation of Bob Schleizer
as Chief Restructuring Officer and the Employment of
Blackbriar Advisors, LLC as of the Petition Date – Page 1

TO THE HONORABLE BRENDA T. RHOADES
UNITED STATES BANKRUPTCY JUDGE:

The debtor and debtor in possession in the above-captioned case (the "Debtor") files this application (the "Application") for entry of an order authorizing the Debtor to employ, retain and designate Bob Schleizer ("Mr. Schleizer") as the Debtor's Chief Restructuring Officer ("CRO") as of February 21, 2016 (the "Petition Date"), pursuant to that certain engagement letter by and among the Debtor and Mr. Schleizer and BlackBriar Advisors, LLC ("BlackBriar Advisors") and all addendums thereto (the "Engagement Letter"), a copy of which is attached as Exhibit "1" to the Declaration of Bob Schleizer (the "Schleizer Declaration") which is attached hereto as Exhibit "A."  In further support of this Application, the Debtor respectfully states as follows:

## I.
## STATUS OF THE CASE AND JURISDICTION

1.      On February 21, 2016, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor has continued in the possession of its property and is operating and managing its business as debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      No request for a trustee or examiner has been made and no creditors' committee has yet been appointed in this case. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested are Sections 327 and 363(b) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the

---
Debtor's Application for Entry of an Order Authorizing the
Employment, Retention and Designation of Bob Schleizer
as Chief Restructuring Officer and the Employment of
Blackbriar Advisors, LLC as of the Petition Date – Page 2

"Bankruptcy Rules") and Rule 2014 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Eastern District of Texas (the "Local Rules").

## II.
## BACKGROUND

4.  The Debtor is a doctor-owned Texas limited liability company that owns and operates a state-of-the-art medical facility in Dallas, Texas (the "Hospital"). The Hospital is a luxury medical facility located at 11990 N. Central Expressway, Dallas, Texas, off N. Central Expressway and Forest Lane. The Hospital has a fully staffed maximum capacity of 72 inpatients per day. The Debtor's leased facility contains 22 operating rooms, 12 intensive care units, and is comprised of approximately 188,000 useable square feet situated on approximately 5.5 acres. The Hospital is not currently operating.

5.  The Debtor's principal pre-petition secured creditor is Callidus Capital Corporation ("Callidus"). The Debtor's books and records indicated the Debtor currently owes Callidus approximately $2.6 million, which is believed to be secured by a first lien on essentially all of the Debtor's assets ("Line of Credit") other than certain equipment (upon which Callidus maintains a second lien position). Certain equipment is leased or financed through various parties, including Bank of America Leasing, Bank of the West, General Electric Healthcare Financial Services, Med One Equipment Services, and Wells Fargo Equipment Finance.

_____
Debtor's Application for Entry of an Order Authorizing the
Employment, Retention and Designation of Bob Schleizer
as Chief Restructuring Officer and the Employment of
Blackbriar Advisors, LLC as of the Petition Date – Page 3

## III.
## RELIEF REQUESTED

6. The Debtor seeks the entry of an Order authorizing Debtor to employ, retain and designate Mr. Schleizer as the Debtor's Chief Restructuring Officer. The Debtor further seeks the entry of an Order authorizing the Debtor to employ BlackBriar Advisors as its financial advisors to support Mr. Schleizer in his CRO role. Mr. Schleizer's contact information is as follows:

Bob Schleizer
901 Main Street, Suite 600
Dallas, Texas 75202
Ph: 214-599-8600
Email: bschleizer@blackbriaradvisors.com

7. Mr. Schleizer, the managing partner and founder of BlackBriar Advisors who will act as CRO for the Debtor, has experience as CRO and Chief Financial Officer of multi-million dollar enterprises both inside and outside of bankruptcy cases. He holds a Bachelor of Science from Arizona State University, and is a Certified Insolvency Restructuring Advisor and a Certified Turnaround Professional. He has extensive experience managing the finances and operations of businesses, particularly in the distressed setting.

8. The Debtor has selected Mr. Schleizer because of his experience and reputation for providing restructuring advisory services in large, complex Chapter 11 cases such as this one. Accordingly, Mr. Schleizer has the experience and expertise, and specific relevant knowledge regarding the Debtor that will assist him in providing effective and efficient services in this Chapter 11 case. The Debtor submits that the retention of and the designation of Mr. Schleizer as CRO and BlackBriar Advisors as the Debtor's financial advisor on the terms and conditions set

_____
Debtor's Application for Entry of an Order Authorizing the
Employment, Retention and Designation of Bob Schleizer
as Chief Restructuring Officer and the Employment of
Blackbriar Advisors, LLC as of the Petition Date – Page 4

forth herein are necessary, appropriate, and in the best of the Debtor's estate, creditors, and all other parties-in-interest, and should be granted in all respects.

## IV.
## SERVICES TO BE PROVIDED

9. Mr. Schleizer and BlackBriar Advisors will provide the ordinary course duties of a Chief Restructuring Officer and financial advisor to do the following:

- Managing the Debtor's Chapter 11 case, including, without limitation, management and oversight of any sale of the Debtor's assets and development of a Disclosure Statement and Plan of Reorganization, if needed.

- Marketing the Debtor's Hospital for sale in conjunction with, or separately from, the sale of the non-owned real estate upon which the Hospital is located.

- Assisting in obtaining and presenting information required by parties-in-interest in the Debtor's bankruptcy process including any official committee appointed by the United States Bankruptcy Court for the Eastern District of Texas.

- Providing assistance in such areas as testimony before this Court on matters that are within the scope of this engagement and within his area of Mr. Mr. Schleizer's testimonial competencies.

- Assisting with such other matters as may be requested that fall within Mr. Schleizer's expertise and that are mutually agreeable.

- Providing such professional services are necessary to the Debtor's restructuring efforts and in the ongoing operation and management of the Debtor's businesses while subject to Chapter 11 of the Bankruptcy Code.

_____
Debtor's Application for Entry of an Order Authorizing the
Employment, Retention and Designation of Bob Schleizer
as Chief Restructuring Officer and the Employment of
Blackbriar Advisors, LLC as of the Petition Date – Page 5

## V.
## NO DUPLICATION OF SERVICES

10. The services provided by Mr. Schleizer and BlackBriar Advisors will complement, and not duplicate, the services to be rendered by any other professional retained in this Chapter 11 case.

## VI.
## SCHLEIZER'S DISINTERESTEDNESS

11. To the best of the Debtor's knowledge and except to the extent disclosed herein and in the Schleizer Declaration: (a) Mr. Schleizer and BlackBriar Advisors have no connection with the Debtor, its creditors, or other parties-in-interest, or the attorneys or accountants of the foregoing, or the Office of the United States Trustee for the Eastern District of Texas (the "U.S. Trustee") or any person employed in the Office of the U.S. Trustee; and (b) does not hold any interest adverse to the Debtor's estate. The Schleizer Declaration discloses certain connections with creditors, equity security holders, and other parties-in-interest in this Chapter 11 case. All of these matters, however, are unrelated to this Chapter 11 case. As represented by Mr. Schleizer, these matters do not represent an interest materially adverse to the Debtor's estate or otherwise create a conflict of interest regarding the Debtor or this Chapter 11 case. Thereby, the Debtor submits that Mr. Schleizer and BlackBriar Advisors are each a "disinterested person" as that term is defined by Section 101(14) of the Bankruptcy Code.

12. To the extent that any new relevant facts or relationships bearing on the matters described herein during the period of Mr. Schleizer and BlackBriar Advisors' retention are

_____
Debtor's Application for Entry of an Order Authorizing the
Employment, Retention and Designation of Bob Schleizer
as Chief Restructuring Officer and the Employment of
Blackbriar Advisors, LLC as of the Petition Date – Page 6

discovered or arise, Debtor submits that Mr. Schleizer and BlackBriar Advisors will use reasonable efforts to file promptly a supplemental declaration.

## VII.
## PROFESSIONAL COMPENSATION AND EXPENSE REIMBURSEMENT

13. Mr. Schleizer and BlackBriar Advisors, are accepting this conditioned on the Debtor's agreement to compensate them for their services as CRO and financial advisors, and to reimburse them for the out-of-pocket expenses they incur in accordance with their customary billing practices, as set forth in the Engagement Letter (the "Fee and Expense Structure") with BlackBriar Advisors.

14. In the event that changes occur with respect to the anticipated scope, assumptions, and/or personnel requirements, including those due to unforeseen events, the parties shall meet in good faith and agree to a revised fee arrangement and shall disclose same to the Court.

15. In the normal course of business, Mr. Schleizer and BlackBriar Advisors may periodically adjust billing rates. Changes in applicable hourly rates will be noted on the invoices for the first time period in which the revised rates became effective.

16. Mr. Schleizer, along with all other BlackBriar Advisors professionals, will submit monthly invoices in accordance with any interim compensation procedures approved by this Court or the fee application procedures of the Bankruptcy Code.

17. The Fee and Expense Structure is consistent with and typical of compensation arrangements entered into by Mr. Schleizer, BlackBriar Advisors and other comparable professionals that render similar services under similar circumstances. The Debtor believes that

_____
Debtor's Application for Entry of an Order Authorizing the
Employment, Retention and Designation of Bob Schleizer
as Chief Restructuring Officer and the Employment of
Blackbriar Advisors, LLC as of the Petition Date – Page 7

the Fee and Expense Structure is reasonable, market-based, and designed to compensate Mr. Schleizer fairly for his work and to cover fixed and routine overhead expenses.

18. As part of the retention, BlackBriar Advisors is to receive $25,000 as a retainer (the "Retainer") from funds currently held by Debtor's proposed counsel. This Retainer was funded pre-petition by certain equity owners of the Debtor and does not constitute the cash collateral of Callidus.

19. The decision to retain and employ Mr. Schleizer as CRO and BlackBriar Advisors as the Debtor's financial advisor should be authorized because it is a sound exercise of the Debtor's business judgment. Mr. Schleizer is well qualified and equipped to perform the CRO duties and BlackBriar Advisors is able to support the Debtor and Mr. Schleizer through the bankruptcy process. Both will provide services that are in the best interests of all parties-in-interest in this Chapter 11 case.

## VIII.
## NO PRIOR REQUEST

20. No previous request for the relief sought herein has been made to this Court or any other court.

## IX.
## NOTICE

21. Notice of this Application has been given by e-mail, facsimile, overnight delivery, and/or courier to the Master Service List including the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the Eastern District of Texas; (b) the Office of the Texas Attorney General; (c) the Office of the United States Attorney General; (d) Texas Department of State Health Services; (e) Callidus; and (f) each of the

---

Debtor's Application for Entry of an Order Authorizing the
Employment, Retention and Designation of Bob Schleizer
as Chief Restructuring Officer and the Employment of
Blackbriar Advisors, LLC as of the Petition Date – Page 8

Debtor's twenty (20) largest unsecured creditors. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting the relief requested in this Application and such other and further relief as may be just and proper.

Dated: February 29, 2016.

Respectfully submitted,

By:*/s/ David Genecov*
    Chairman of the Board
    of Managers

By: */s/ Howard Marc Spector*
    Howard Marc Spector
    TBA #00785023
    Nathan M. Johnson
    TBA #00787779

SPECTOR & JOHNSON, PLLC
12770 Coit Road, Suite 1100
Dallas, Texas 75251
Phone: (214) 365-5377
Fax: (214) 237-3380
Email: hspector@spectorjohnson.com

PROPOSED COUNSEL
FOR THE DEBTOR

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 29, 2016 a true and correct copy of the foregoing was served upon the Debtor, the United States Trustee, all secured creditors, all governmental units, the 20 largest unsecured creditors, and all parties who have filed a Notice of Appearance of Request for Notice in the case, as required by Local Rules 9013(f) and 2014(b) via U.S. First Class Mail, postage prepaid.

    */s/ Howard Marc Spector*
    Howard Marc Spector

_____
Debtor's Application for Entry of an Order Authorizing the
Employment, Retention and Designation of Bob Schleizer
as Chief Restructuring Officer and the Employment of
Blackbriar Advisors, LLC as of the Petition Date – Page 9

Howard Marc Spector
TBA #00785023
Nathan M. Johnson
TBA # 00787779
SPECTOR & JOHNSON, PLLC
12770 Coit Road, Suite 1100
Dallas, Texas 75251
Phone: (214) 365-5377
Fax: (214) 237-3380
Email: hspector@spectorjohnson.com

PROPOSED COUNSEL FOR THE DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **In re:** § | | |
| § | | |
| **Forest Park Medical Center, LLC** § | | **Case Number 16-40302** |
| § | | |
| **Debtor.** § | | **(Chapter 11)** |

**DECLARATION OF ROBERT SCHLEIZER IN SUPPORT**
**OF THE DEBTOR'S APPLICATION FOR ENTRY OF AN**
**ORDER AUTHORIZING THE EMPLOYMENT, RETENTION**
**AND DESIGNATION OF ROBERT SCHLEIZER AS**
**CHIEF RESTRUCTURING OFFICER AND THE EMPLOYMENT OF**
**BLACKBRIAR ADVISORS, LLC AS OF THE PETITION DATE**

Robert Schleizer hereby declares, under penalty of perjury, as follows:

1. I am the proposed Chief Restructuring Officer of Forest Park Medical Center, LLC ("FPMC"), Chapter 11 debtor and debtor-in-possession (the "Debtor"). I am also the managing partner and founder of BlackBriar Advisors, LLC.

2. I have more than 35 years of experience in crisis management, distressed engagement management leadership and interim management roles including as Chief Restructuring Officer, CEO, COO, CFO, receiver, liquidating trustee and financial advisor in engagements in financial distress and in liquidations including healthcare related engagements

**Exhibit A**

involving acute care hospitals, medical device, laboratories and physician practices. Additionally, the BlackBriar partners and professionals supporting me on the engagement have experience in the healthcare industry in excess of 50 years through numerous engagements and executive roles in senior administrative, strategic and administrative roles in the healthcare industry including hospitals, physician practices, healthcare staffing concerns, medical device laboratories and assisted living companies. I hold a Bachelor of Science from Arizona State University, and I am a Certified Insolvency Restructuring Advisor and a Certified Turnaround Professional. I have extensive experience managing the finances and operations of businesses, particularly in the distressed setting. I have extensive experience examining the finances and operations of companies in healthcare related enterprises and my partners have extensive experience in hospitals, laboratories and assisted living enterprises particularly in the distressed setting.

     3.     I seek to serve as the CRO for the Debtor to guide the Debtor through the bankruptcy and restructuring process to provide an experienced, independent perspective to the Debtor and its financial and operational needs, specifically with an eye toward marketing the Debtor's assets for sale in connection with or separately from the real estate upon which the Debtor's assets are located.

     4.     To the best of my knowledge and except to the extent disclosed herein: (a) neither I nor BlackBriar Advisors LLC, has any connection with the Debtor, its creditors, or other parties in interest, or the attorneys or accountants of the foregoing, or the Office of the United States Trustee for the Eastern District of Texas (the "U.S. Trustee") or any person employed in the Office of the U.S. Trustee; and (b) neither I nor BlackBriar Advisors LLC holds any interest adverse to the Debtor's estate. Accordingly, both I and BlackBriar Advisors LLC are

**Exhibit A**

"disinterested persons" as that term is defined in § 101(14) of the Bankruptcy Code in that we are not:

    (a)    a creditor, equity security holder, or insider of the Debtor;

    (b)    an investment banker for any outstanding security of the Debtor;

    (c)    attorney for an investment banker of the Debtor;

    (d)    a director, officer, or employee of the Debtor or of any investment banker specified in subparagraph (b) or (c) above.

5. I and BlackBriar Advisors, LLC are to receive a retainer from funds currently held by the Debtor's counsel in the amount of $25,000. We will not withdraw any funds from the retainer account for services rendered and expenses, or for any other reason without court approval. No fees or expenses will be paid from the retainer until such time as a fee application is submitted to and approved by this Court.

6. I and BlackBriar Advisors LLC shall apply for compensation for professional services rendered in connection with this Chapter 11 case subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred. My hourly rate is $395 per hour. Other professionals assigned to this engagement and their respective hourly billing rates are:

Randall Kurtz – Partner (Healthcare Practice Lead) - $395
Harold Kessler – Managing Director     $395
Chrystal Haag Morris – Senior Director     $345
Additional professionals, if required will be billed at the following hourly rates:
Directors     $295
Senior Financial Analyst,     $245
Financial Analyst     $195

**Exhibit A**

7. A true and correct copy of the engagement agreement between the Debtor and BlackBriar Advisors, LLC is attached hereto as Exhibit 1.

I declare, pursuant to 26 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct to the best of my information, knowledge and belief.

_____
Robert Schleizer

**Exhibit A**



VIA EMAIL: dgenecov@mac.com

February 26, 2016

Dr. David Genecov
Chairman
**FPMC Dallas, LLC**
11990 N. Central Expy
Dallas, TX 75243

Re: Engagement Proposal – Chief Restructuring Officer

Dear Dr. Genecov:

BlackBriar Advisors LLC ("BLACKBRIAR") is pleased to have the opportunity to provide financial and operational advisory services and for the undersigned, Robert Schleizer, to serve as Chief Restructuring Officer ("CRO") to Forest Park Medical Center, LLC and its affiliated companies, together known as ("FPMC" or the "Company").

BLACKBRIAR provides a full range of financial, strategic, operational, and management consulting services to its clients. BLACKBRIAR's staff consists of Certified Turnaround Professionals, Certified Insolvency Restructuring Advisors, and Certified Public Accountants, professionals experienced in financial and organizational structuring and process improvement as well as corporate finance, financial reporting and operational advisory services.

**SCOPE OF SERVICES**
The financial advisory services (the "Services") that BLACKBRIAR will perform as CRO for the Company include:

- Preparation of Chapter 11 bankruptcy schedules for the Statement of Financial Affairs and supporting schedules, etc.;
- Review/prepare cash flow forecasts and budgets to be filed with the Court;
- Preparation of schedules and monthly operating reports to support Chapter 11 administration;
- Provide testimony to support Debtor in bankruptcy hearings as required;
- Manage financial processes, reporting, liquidity and administrative functions of the FPMC during the Chapter 11 case;
- Establish and administer post-petition banking facilities;
- Review ongoing strategic initiatives and assess financial and liquidity impact;
- Support and assist with efforts to sell the facility and assets of FPMC and the development of a possible plan of reorganization or liquidation;
- Direct operations with management including oversight and approval of disbursements, approval of all contracts for administrative services;
- Preparation of bi-weekly project progress reports and review financial results with stakeholders and lenders;
- Such other duties as mutually agreed upon.

**Exhibit A-1**

BLACKBRIAR will be retained as an independent consultant and Services will be rendered subject to this engagement letter to be executed between the Company and BLACKBRIAR. BLACKBRIAR accepts no responsibility regarding the accuracy and completeness of information and other reports not prepared by BLACKBRIAR or based in whole or in part upon inaccurate, incomplete or out-of-date information provided by any party during BLACKBRIAR's engagement. Further, in connection with BLACKBRIAR rendering services to the Company, BLACKBRIAR undertakes no responsibility for the operation and control of the Company and shall not be responsible for any liabilities of the Company including, but not limited to, taxing authorities and/or creditors of the Company. BLACKBRIAR shall diligently use commercially reasonable efforts in rendering professional services to the Company, consistent with industry standards, but BLACKBRIAR cannot and does not guarantee the projected results of the Company's future operations.

**FEES**

Services will be provided to you at the following rates:

| | | |
|---|---:|---|
| Partners and Managing Directors | $395 | per hour |
| Senior Directors | 345 | per hour |
| Directors | 295 | per hour |
| Senior Financial Analysts | 245 | per hour |
| Financial Analysts | 195 | per hour |
| Reasonable, customary travel, meals and expenses, if required. | | |

Billing for the Services will be submitted prior to any bankruptcy filing on a weekly basis will be payable upon receipt. Fees for services post-petition will be invoiced and paid in accordance with the requirements of the Court. Our fees are accumulated based on the number of hours incurred multiplied by the hourly rate assigned to the persons performing the Services, plus necessary out-of-pocket expenses relative to such Services.

A $25,000 initial retainer will be due upon the execution of this engagement letter. The retainer will be applied to the final billing for the engagement.

**WORK PRODUCT**

The Company acknowledges and agrees that any written reports, analyses, statistics, assessments, plans, forecasts, recommendations, studies or other written work product prepared by BLACKBRIAR pursuant to this engagement (collectively, "Work Product") is confidential and proprietary and is for the Company's exclusive use and may not be distributed or provided to, shared with or disclosed to any other party or person, without both the Company and BLACKBRIAR's prior written consent. Furthermore, the Work Product may not be relied upon by any other party or person, for any reason whatsoever and may not be utilized for any other purpose except for those specifically contemplated herein. Upon full payment of all amounts due to us in connection with this engagement, the work product embodied in the deliverables set out in this engagement letter will become your sole and exclusive property, except as set forth below. Our work papers will not constitute work product and will remain our sole and exclusive property. The Company further acknowledges and agrees that BLACKBRIAR shall have the right to use information obtained, received and/or generated (by it or others), in connection with the Services and the engagement described herein, for the preparation of general industry performance evaluations and similar analysis for BLACKBRIAR's marketing, research and business development activities as well as any other similar purposes BLACKBRIAR may determine so long as such use does not include the specific name of the Company but merely refers generally to the industry and/or business type. This paragraph shall survive the termination/expiration of the engagement described in this letter.

**Exhibit A-1**

**LIABILITY AND INDEMNIFICATION**

In no event, unless it has been finally determined by a court having competent jurisdiction, that BLACKBRIAR was grossly negligent or acted with willful misconduct or fraudulently, shall BLACKBRIAR (including any officer, director, shareholder, employee, agent and representative thereof, as well as affiliates and successors of the foregoing) be liable to the Company or any of the Company's officers, directors, shareholders, employees, agents, representatives, or any third party, whether pursuant to a claim in tort, contract or otherwise.  In no event shall BLACKBRIAR (including any officer, director, shareholder, employee, agent and representative thereof, as well as affiliates and successors of the foregoing) be liable for any special, consequential, indirect, exemplary, punitive, lost profits or similar damages arising from the engagement or the Services.  The Company shall indemnify, defend and hold BLACKBRIAR (including its officers, directors, shareholders, principals, employees, agents aimmedind representatives, as well as affiliates and successors of the foregoing) and its contract affiliates, harmless on a current basis as incurred, from and against any and all liabilities, losses, demands, penalties, actions, suits, costs and expenses (including, without limitation, reasonable attorney's fees and expenses), to which any of the foregoing may be subject to or incur arising out of, or in connection with the performance of Services or otherwise incident to the engagement herein contemplated except to the extent that it is finally determined by a court of competent jurisdiction that such damages arise directly out of BLACKBRIAR's own gross negligence or willful misconduct.  The Company's obligations under this paragraph shall survive the termination of the engagement herein contemplated.

Either party may immediately terminate this engagement upon written notice to the other party provided however, BLACKBRIAR shall be entitled to payment for Services provided and Expenses incurred through the effective date of such termination in accordance with this agreement.

**GENERAL TERMS**

This engagement letter and the relationship established hereby shall be governed by the laws of the State of Texas (without regard to its conflict of laws provisions) and any dispute or claim arising out of or relative thereto shall be heard by the state courts located in Dallas County or federal courts located in Dallas County, Texas.  This engagement letter constitutes the entire agreement between the parties and may be modified or amended only in writing signed by both parties.

We appreciate the opportunity to serve your needs and are prepared to discuss the Services that the Company wishes to have performed.  We will be prepared to begin the selected Services immediately.  We will send an information request upon receipt of the engagement letter.

Very truly yours,

**BlackBriar Advisors LLC**

Robert Schleizer
Managing Partner


Agreed to and accepted by:

By: _____
    Dr. David Genecov
Its:  Chairman                                              Date: _____

**Exhibit A-1**