**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| IN RE: | |
| | Case No. 16-40302 |
| FOREST PARK MEDICAL CENTER, LLC | Chapter 11 |
| Debtor | |

**MOTION FOR AN ORDER DETERMINING THAT AUTOMATIC STAY
IS NOT APPLICABLE, OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE
STAY, WITH REGARD TO INSURANCE POLICY AND POLICY PROCEEDS,
WAIVER OF 30-DAY HEARING REQUIREMENT, AND REQUEST FOR HEARING**

No Hearing Will Be Conducted On This Motion Unless A Written Objection Is Filed With The Clerk Of The United States Bankruptcy Court And Served Upon The Party Filing This Pleading Within Fourteen (14) Days From Date Of Service Unless The Court Shortens Or Extends The Time For Filing Such Objection. If No Objection Is Timely Served And Filed, This Pleading Shall Be Deemed To Be Unopposed, And The Court May Enter An Order Granting The Relief Sought. If An Objection Is Filed And Served In A Timely Manner, The Court Will Thereafter Set A Hearing. If You Fail To Appear At The Hearing, Your Objection May Be Stricken. The Court Reserves The Right To Set A Hearing On Any Matter.

Forest Park Medical Center at Kansas City, LLC, Vibrant Healthcare Kansas City Holdings, LLC, Vibrant Healthcare Kansas City, LLC, FPMC Dallas Investment in Kansas City, LLC, Dr. Wade Barker, Dr. David Genecov, Todd Furniss, Mary Hatcher, Vibrant Healthcare Management, LLC, glendonTodd Capital, LLC, Dr. Joseph Robert Wyatt, The Management Company at Forest Park Medical Center, LLC, FPMC Services, LLC, and Dr. Richard Toussaint (collectively, the "Non-Debtors"), by their undersigned counsel, move this Court for a determination that 11 U.S.C. § 362(a) is not applicable to the payment of their legal fees and expenses by Federal Insurance Company ("Federal") under the D&O Policy (as defined below, hereinafter the "D&O Policy") issued to the debtor, Forest Park Medical Center, LLC ("Debtor"), in defending against the claims of numerous claimants (the "Claimants") in the action captioned *Dr. Scott Abraham, et al v. Forest Park Medical Center at Kansas City, LLC, et al,* American Arbitration Association, Case No. 01-15-0005-8309 (the "Arbitration"). In the

alternative, the Non-Debtors seek relief from the automatic stay to permit Federal to pay the Non-Debtors' Defense Fees and Costs pursuant to the D&O Policy, to the extent the automatic stay is applicable to the D&O Policy, the proceeds of said policy or the payment of these costs.

The Non-Debtors seek the aforementioned relief as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a non-core proceeding within the meaning of 28 U.S.C. § 157.  The statutory predicate for the relief requested herein is 11 U.S.C. § 362(d).

### BACKGROUND

2.      Forest Park Medical Center, LLC ("Debtor") is a business entity that was sued by the Claimants in the Arbitration.

3.      The Non-Debtors, many of which are former officers and/or directors of the Debtor, were also sued by the Claimants in the Arbitration.

4.      Federal Insurance Company is a business entity that issued a directors' and officers' insurance policy to the Debtor, which was effective November 1, 2014.  Federal has issued similar policies for earlier periods.

5.      On or about February 21, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 in the above-captioned bankruptcy proceeding in this Court.

### THE D&O POLICY

6.      Prior to the commencement of this bankruptcy case, Federal issued a claims-made directors' and officers' insurance policy, policy no. 8209-7684 (the "D&O Policy"), to the Debtor for an approximate one year policy period effective November 1, 2014.  A true and

correct copy of the D&O Policy is attached hereto as Exhibit "1." Capitalized terms not defined in this Motion shall have the meanings assigned to them in the D&O Policy.

7.        The D&O Policy defines Defense Costs[1] as a part of Loss and contains the following separate insuring agreements obligating Federal to pay Loss, subject to the terms, exclusions and endorsements of the D&O Policy:

a.        "The Company shall pay, on behalf of each of the Insured Persons, Loss for which the Insured Person is not indemnified by the Organization and which the Insured Person becomes legally obligated to pay on account of any D&O Claim first made against the Insured Person, individually or otherwise, during the Policy Period or, if exercised, during the Extended Reporting Period, for a D&O Wrongful Act committed, attempted, or allegedly committed or attempted by such Insured Person before or during the Policy Period, but only if such D&O Claim is reported to the Company in writing in the manner and within the time provided in Subsection 18 of this coverage section on behalf of an Insured Person, Loss on account of a Claim first made against the Insured Person during the Policy Period, or the Extended Reporting Period if applicable, to the extent that such Loss is not indemnified by the Organization"; and[2]

b.        "The Company shall pay, on behalf of the Organization, Loss for which the Organization grants indemnification to an Insured Person, as permitted or required by law, and which the Insured Person becomes legally obligated to pay on account of any D&O Claim first made against the Insured Person, individually or otherwise, during the Policy Period or, if

---

[1]        See Exhibit 1 (pgs 26-27). The term **"Defense Costs"** means that part of **Loss** consisting of reasonable costs, charges, fees (including but not limited to attorneys' fees and experts' fees) and expenses (other than regular or overtime wages, salaries, fees, **Benefits** or **Stock Benefits** of the directors, officers or **Employees** of the **Organization**) incurred in defending any **Claim** and the premium for appeal, attachment or similar bonds.

[2]        The Company refers to Federal for purposes of the Policy.  See Exhibit 1, pg. 21.

exercised, during the Extended Reporting Period, for a D&O Wrongful Act committed, attempted, or allegedly committed or attempted by such Insured Person before or during the Policy Period, but only if such D&O Claim is reported to the Company in writing in the manner and within the time provided in Subsection 18 of this coverage section."[3]

### THE ARBITRATION

8.     On or about June 26, 2015, Claimants filed a Petition in Johnson County, Kansas State Court seeking a restraining order and making multiple claims against the Non-Debtors, including asserting tortious activity by Non-Debtors.  The case was captioned *Abraham v. Forest Park Medical at Kansas City, LLC*, Case No. 15-CV-3895 (the "Kansas Action").

9.     After a hearing on the matter, the Kansas Court dismissed the Kansas Action in favor of arbitration.

10.    On or about December 1, 2015, Claimants filed a Demand for Arbitration.

11.    The Demand alleged, *inter alia*, breach of fiduciary duty, tortious interference, unjust enrichment, fraud, illegal conveyance of funds, civil conspiracy, statutory theft,  and alter ego.

12.    The Non-Debtors are represented in the Arbitration by the law firms Stinson Leonard Street LLP ("Stinson") and Graves Garrett LLC ("Graves") (collectively "Counsel") because Federal, through counsel, retained Counsel for the Non-Debtors, pursuant to Federal's duty to defend and subject to a reservation of rights under the D&O Policy.  The Arbitration is currently pending.

13.    The Non-Debtors have incurred and continue to incur legal fees and litigation costs and expenses with respect to Counsel's defense of the claims asserted against them in the Arbitration.  Federal has not paid Counsel for Defense Fees and Costs incurred, and continuing

---

[3] See Exhibit 1 pg. 24.

to incur, since prior to Debtor's bankruptcy filing, because it needs to ensure that the automatic stay is not applicable to its payments of such legal fees and costs.

## RELIEF REQUESTED

14.     The Non-Debtors request a determination that the automatic stay is not applicable to the payment by Federal of proceeds of the D&O Policy on account of the Non-Debtors' Defense Fees and Costs.  Alternatively, if the automatic stay is determined to be applicable, then the Non-Debtors request relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code, with respect to Federal's obligations of Non-Debtors' Defense Fees and Costs out of proceeds of the D&O Policy.

**A.      The Automatic Stay Does Not Apply Because the Proceeds of the D&O Policy for Payment of Non-Debtors' Defense Fees and Costs are Not Property of the Estate.**

15.     Under 11 U.S.C. § 362(a), a bankruptcy petition stays, among other actions, "[a]ny act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . ."  11 U.S.C. § 362(a)(3).  The question here is whether the Estate has an interest in the proceeds of the D&O Policy with respect to payment of the Non-Debtors' Defense Fees and Costs.

16.     Federal's payment of the Non-Debtors' Defense Fees and Costs under the D&O Policy does not constitute an act to obtain possession or control over property of the Estate.  Proceeds of the D&O Policy payable for Non-Debtors' Defense Fees and Costs do not constitute property of the Estate for the following reasons:

(a)     The Estate has no interest in or right to receive such proceeds which are for the benefit of the Non-Debtors (i.e., the former officers and directors of the Debtor);

(b)     The Estate is not entitled to receive any reimbursement or indemnification of the Non-Debtors' Defense Fees and Costs under the D&O Policy;

(c)    Federal's payment of Non-Debtors' Defense Fees and Costs will moot any contingent indemnification claims of the Non-Debtors against the Estate for their defense costs; and

(d)    There are no claims asserted against the D&O Policy.

17.    Generally an insurance policy owned by the debtor is considered property of the estate, but "whether the proceeds of a particular insurance policy [are] property of the estate depends on the nature of the policy." *In re Equinox Oil Co., Inc.*, 300 F.3d 614, 618 (5th Cir. 2002). To determine "the nature of the policy," courts consider whether the proceeds of the policy would belong to the debtor in the absence of the bankruptcy proceedings. *See id.; In re Edgeworth*, 993 F.2d 51, 55–56 (5th Cir. 1993); *In re Louisiana World Exposition, Inc.*, 832 F.2d 1391, 1399 (5th Cir. 1987) ("[T]he estate's legal and equitable interests in property rise no higher than those of the debtor.") (quoting *In re Gagnon*, 26 B.R. 926, 928 (Bankr. M.D. Pa.1983)). The Fifth Circuit has held that proceeds payable under a directors' and officers' policy for the defense costs of officers/directors—for which the debtor has no interest in the subject payment or right to reimbursement—are not property of the estate. *Matter of Vitek, Inc.*, 51 F.3d 530, 535 (5th Cir. 1995) ("In this circuit, we are therefore in the position of knowing how to resolve cases on either end of the continuum. . . . [W]hen a debtor corporation owns a liability policy that *exclusively* covers its directors and officers, we know from *Louisiana World Exposition* that the proceeds of the D&O policy are *not* part of the debtor's bankruptcy estate."); *see also Louisiana World Exposition*, 832 F.2d at 1401 ("But we determine that the *liability proceeds,* which belong only to the directors and officers, are not part of the estate. . . .").

18.    Accordingly, the automatic stay is not implicated by Federal's payment of the Non-Debtors' Defense Fees and Costs under the D&O Policy because those funds are not part of the bankruptcy estate.  The Non-Debtors respectfully request that this Court enter an order

determining that the stay is not applicable with respect to Federal's payment of the Non-Debtors' Defense Fees and Costs under the D&O Policy.

### B. In the Alternative, the Automatic Stay Should Be Modified to Permit Federal's Payment of the Non-Debtors' Defense Fees and Costs under the D&O Policy.

19.     Alternatively, should this Court determine that 11 U.S.C. § 362(a) stays Federal's payment of the Non-Debtors' Defense Fees and Costs under the D&O Policy, the Non-Debtors request relief from the automatic stay "for cause" pursuant to section 362(d)(1) of the Bankruptcy Code, retroactive to the first obligation of Federal to pay Counsel for Non-Debtors' Defense Fees and Costs in the Arbitration on behalf of the Non-Debtors.

20.     Section 362(d) of the Bankruptcy Code provides that relief from the automatic stay shall be granted for "cause," which is an undefined term in the Bankruptcy Code.  11 U.S.C. § 362(d)(1); *see also In re Texas State Optical, Inc.,* 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995) (citing *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1986)).  Thus, courts are left to consider what constitutes cause on a case-by-case basis.  *Id.*  Cause may be established by a single factor, such as "[a] desire to permit an action to proceed . . . in another tribunal," or "lack of any connection or interference with the pending bankruptcy case."  *In re Rexene Products Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991)).

21.     Stay relief should be granted where:  (i) no great prejudice to either the bankrupt estate or the debtor will result from continuation of the subject suit or activity; (ii) the hardship to the non-debtor party will outweigh the hardship on the debtor; and (iii) the creditor has a probability of prevailing on the merits.  *Id.*  Here, the balancing of these factors weighs strongly in favor of granting relief from the automatic stay.

22.     The Non-Debtors satisfy the first factor for stay relief.  The interests of the

Debtor, the Estate, and its creditors have not and will not be harmed by Federal's payment of the Non-Debtors' Defense Fees and Costs. Moreover, no prejudice to the interests of the Debtor, the Estate, or its creditors will ensue from lifting the stay, to the extent it applies here, to pay defense costs on behalf of the Non-Debtors under the D&O Policy. The Estate will not be deprived of any pecuniary benefit if Federal pays the Non-Debtors' Defense Fees and Costs, as neither the Debtor nor the Estate has paid defense costs and the Estate has no interest in Federal's payments to Counsel for defending the Non-Debtors. More importantly, Federal's payment of the Non-Debtors' Defense Fees and Costs under the D&O Policy benefits the Estate by removing or reducing any contingent indemnification claims that the Non-Debtors would have against the Estate for their defense costs.

23. The Non-Debtors also satisfy the second factor for stay relief. The hardship imposed on the Non-Debtors by maintaining the automatic stay considerably outweighs any possible burden on the Estate if the stay is not vacated. Failure to vacate the automatic stay would be inequitable to the Non-Debtors by preventing them from obtaining payment of their defense costs under the D&O Policy. If the Non-Debtors' Defense Costs are not paid under the D&O Policy, then the Non-Debtors will look to the Debtor and the Estate for indemnification.

24. The Non-Debtors satisfy the third factor for stay relief. The Non-Debtors have requested payment of their Defense Costs, which Federal is willing to pay subject to its reservation of rights under the D&O Policy. The Debtor has asserted that such payment is improper or unauthorized under the D&O Policy.

25. The Non-Debtors also request relief from the stay pursuant to section 362(d)(2) of the Bankruptcy Code because the Debtor has no equity in the proceeds of the D&O Policy for the payment of the Non-Debtors' Defense Fees and Costs and the proceeds are not necessary for an effective reorganization.

26.     The Non-Debtors further request that the Bankruptcy Court grant *nunc pro tunc* stay relief to February 21, 2016, the petition date.   Under Section 362(d) of the Bankruptcy Code, a bankruptcy court has authority to annul the automatic stay effective *nunc pro tunc* to an earlier date. *In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994)*; see also Sikes v. Glob. Marine, Inc.*, 881 F.2d 176, 179 (5th Cir. 1989) (recognizing bankruptcy court's authority to grant relief from the stay retroactively).

27.     Retroactive relief from the automatic stay (to the extent applicable) is warranted here for the reasons set forth in the above paragraphs, and, in particular, the Estate's lack of (i) any interest or equity in the proceeds of the D&O Policy for the payment of the Non-Debtors' Defense Fees and Costs, and (ii) prejudice if the stay is not annulled.

## RESERVATION OF RIGHTS

28.     By filing this Motion, the Non-Debtors take no position as to Federal's reservation of rights under the D&O Policy.

## WAIVERS

29.     The Non-Debtors waive the 30 day hearing requirement of 11 U.S.C. § 362(e)(1).

30.     The Non-Debtors further request that the fourteen (14) day stay as provided by Federal Rule Bankruptcy Procedure 4001(a)(3) be waived as they would continue to be prejudiced by the delay in payment of their Defense Cost.

## PRAYER

WHEREFORE, the Non-Debtors respectfully request that this Court (i) enter an Order determining that the automatic stay is not applicable to Federal's payment of the Non-Debtors' Defense Fees and Costs under the D&O Policy as set forth in the proposed Order attached; or (ii) alternatively, terminate the automatic stay *nunc pro tunc* to February 21, 2016, the petition date, with respect to Federal's defense obligations to Stinson Leonard Street LLP and Graves

Garrett LLC of any of the Non-Debtors' Defense Fees and Costs under the D&O Policy; (iii) waive the fourteen day stay of Rule 4001(a)(3), and (iv) grant such other and further relief as is just.

Respectfully submitted,

/s/ Mark A. Weisbart

Mark A. Weisbart
Texas Bar No. 21102650
THE LAW OFFICE OF MARK A. WEISBART
12770 Coit Road, Suite 541
Dallas, Texas 75251
(972) 628-4903 Phone
(972) 628-4905 Fax
weisbartm@earthlink.net

COUNSEL FOR NON-DEBTORS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was served on the parties on the attached mailing list in accordance with LBR 9013(f) either through the Court's electronic notification system as permitted by Appendix 5005 III. E. to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid on this the 12th day of May, 2016.

/s/ Mark A. Weisbart

Mark A. Weisbart

Label Matrix for local noticing
0540-4
Case 16-40302
Eastern District of Texas
Sherman
Thu May 12 14:02:27 CDT 2016

Bryan C. Assink
Curtis Castillo P.C.
901 Main St., Ste. 6515
Dallas, TX 75202-3782

Elizabeth Banda Calvo
Perdue, Brandon, Fielder, Collins & Mott
500 E. Border Street
Suite 640
Arlington, TX 76010-7457

Thomas Daniel Berghman
Munsch Hardt Kopf & Harr
500 N. Akard, Ste. 3800
Dallas, TX 75201-6659

Bruce Borrus
Riddell Williams P.S.
1001 4th Ave. #4500
Seattle, WA 98154-1065

Colleen Carboy
2540 King Arthur Blvd., Ste 215
Lewisville, Tx 75056-5833

Mark A. Castillo
Curtis Castillo PC
901 Main St. Suite 6515
Dallas, TX 75202-3782

Amber Chambers
McCathern, PLLC
3710 Rawlins Stree
Suite 1600
Dallas, TX 75219-4258

Vickie L. Driver
Lewis Brisbois Bisgaard & Smith LLP
2100 Ross Avenue
Suite 2000
Dallas, TX 75201-2719

Alfred W. Ellis
Sommerman & Quesada
3811 Turtle Creek Blvd.
Ste. 1400
Dallas, TX 75219-4492

Bryan L. Elwood
Dykema Cox Smith
1717 Main Street
Suite 4200
Dallas, TX 75201-4876

Forest Park Medical Center, LLC
c/o The Management Company
at Forest Park Medical Center, LLC
12222 N. Central Expy., #440
Dallas, TX 75243-3767

(p)MICHAEL REED OR LEE GORDON
PO BOX 1269
ROUND ROCK TX 78680-1269

Rachel A. Greenleaf
Hirschler Fleischer, P.C.
P.O. Box 500
Richmond, VA 23218-0500

Melissa S. Hayward
Franklin Hayward LLP
10501 N. Central Expry, Ste. 106
Dallas, TX 75231-2203

Susan B. Hersh
Susan B. Hersh, P.C.
12770 Coit Road
Suite 1100
Dallas, TX 75251-1329

Katherine T. Hopkins
Kelly Hart Hallman
201 Main Street, Suite 2500
Fort Worth, TX 76102-3194

Laurie Spindler Huffman
Linebarger, Goggan, Blair & Sampson
2777 N. Stemmons Frwy Ste 1000
Dallas, TX 75207-2328

Jay W. Hurst
Office of the Texas Attorney General
Capitol Station
PO Box 12548
Austin, TX 78711-2548

Charles I. Kaplan
Kaplan & Associates, LLP
3102 Maple Ave., Ste. 200
Dallas, TX 75201-1369

Patrick M. Lynch
Beasley,Hightower & Hartmann, P.C.
1601 Elm Street, Suite 4350
Dallas, TX 75201-7234

William L. Medford
Lewis Brisbois Bisgaard & Smith
2100 Ross Ave., Suite 2000
Dallas, TX 75201-2719

Seth E. Meisel
DuBois, Bryant & Campbell, LLP
700 Lavaca
Ste. 1300
Austin, TX 78701-3104

Diana L. Nichols
Kelly Hart & Hallman LLP
303 Colorado St., Ste. 2000
Austin, TX 78701-0022

Ian Taylor Peck
Haynes and Boone, LLP
301 Commerce St., Ste. 2600
Ft. Worth, TX 76102-4160

Deborah M. Perry
Munsch Hardt Kopf & Harr, P.C.
3800 Lincoln Plaza
500 North Akard Street
Dallas, TX 75201-3302

Stephen M. Pezanosky
Haynes & Boone
201 Main Street, Suite 2200
Ft. Worth, TX 76102-3126

J. Stephen Ravel
Kelly Hart & Hallman LLP
303 Colorado St., Ste. 2000
Austin, TX 78701-0022

Sibobhan Ray
K&L Gates LLP
1717 Main St., Ste. 2800
Dallas, TX 75201-7342

Jon Stuart Ross
9870 Plano Rd.
Dallas, TX 75238-5104

Deirdre B. Ruckman
Gardere & Wynne, L.L.P.
3000 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201-4761

Brian F. Sanford
1910 Pacific Ave.
Suite 15400
Dallas, TX 75201-4565

Thomas C. Scannell
Gardere Wynne Sewell LLP
1601 Elm Street, Ste. 3000
Dallas, TX 75201-4761

Howard Marc Spector
12770 Coit Road, Ste. 1100
Dallas, TX 75251-1329

Ryan A. Starbird
Beirne, Maynard & Parsons, LLP
1700 Pacific Ave., Ste. 4400
Dallas, TX 75201-7324

Christina Walton Stephenson
Lewis Brisbois Bisgaard & Smith LLP
2100 Ross Avenue
Suite 2000
Dallas, TX 75201-2719

Brandon Tittle
Reid Collins & Tsai LLP
Thanksgiving Tower
1601 Elm Street, Suite 4250
Dallas, TX 75201-7282

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231

Bill Ucherek II
Juneau, Boll, Ward & Carboy
15301 Spectrum Drive, Suite 300
Addison, TX 75001-6497

Eric M Van Horn
McCathern PLLC
3710 Rawlins Street, Suite 1600
Dallas, TX 75219-4258

John M. Vardeman
UST Office
110 N. College St., Suite 300
Tyler, TX 75702-7231

David S. Vassar
Nesbitt, Vassar, McCown & Roden, L.L.P
15851 Dallas Parkway, Suite 800
Addison, TX 75001-3306

David A. Walton
Beirne Maynard & Parsons, L.L.P.
1300 Post Oak Blvd., Ste. 2500
Houston, TX 77056-3014

David Weitman
K & L Gates LLP
1717 Main St., Ste. 2800
Dallas, TX 75201-7342

Robert S. Westermann
Hirschler Fleischer, P.C.
P.O. Box 500
Richmond, VA 23218-0500

Joseph J. Wielebinski Jr.
Munsch Hardt Kopf & Harr, P.C.
3800 Lincoln Plaza
500 North Akard Street
Dallas, TX 75201-3302

Jarom J. Yates
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219-7673

CALLIDUS CAPITAL CORPORATION
181 BAY STREET
STE 4620
TORONTO, ONTRIO M5J2T3
CANADA

City of Dallas
500 Elm Street
Records Building
Dallas, TX 75202-3304

Dallas County Community College District
500 Elm Street
Records Building
Dallas, TX 75202-3304

EVERBANK COMMERCIAL FINNCE
ATTN TANYA HERNANDEZ
10 WATERVIEW BLVD
PARSIPPANY, NJ 07054-7607

Parkland Hospital
500 Elm Street
Records Building
Dallas, TX 75202-3304

Richardson ISD
970 Security Drive
Richardson, TX 75081-2234

GE Healthcare
3000 N Grandview Blvd
Waukesha WI 53188-1615

ATHAS HEALTH LLC/NORTH AMERICAN SPINE
10740 N CENTRAL EXPRESSWAY #275
DALLAS, TX 75231-2166

KVS HOSPITAL SUPPLIERS LLC
PO BOX 612151
DALLAS, TX 75261-2151

HTA-FP Tower, LLC
c/o HEALTH CARE TRUST OF
AMERICA HOLDINGS, LP
16435 N SCOTTSDALE RD STE 320
SCOTTSDALE, AZ 85254-1694

HTA - FP TOWER LLC
DEPT 2177
PO BOX 11407
BIRMINGHAM, AL 35246-2177

HTA FP PAVILION LLC
DEPT 14
PO BOX 674253
DALLAS, TX 75267-4253

BANK OF THE WEST
DEPT LA 23091
PASADENA, CA 91185-3091

TAX ADVISORS GROUP INC
12400 COIT ROAD # 1270
DALLAS, TX 75251-2064

MED ONE EQUIPMENT SERVICES
10712 SOUTH 1300 EAST
SANDY, UT 84094-5094

BANC OF AMERICA LEASING
PO BOX 100918
ATLANTA, GA 30384-0918